NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JAMES M., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, O.M., J.M., B.M., *Appellees.*[1]

No. 1 CA-JV 15-0200
FILED 12-17-2015

Appeal from the Superior Court in Maricopa County
No.  JD 21119
The Honorable Lisa Daniel Flores, Judge

**AFFIRMED**

COUNSEL

Edward D. Johnson, Peoria
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee*

---

[1] The caption has been amended to safeguard the children's identities pursuant to Administrative Order 2013-0001.

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Peter B. Swann joined.

---

**T H U M M A**, Judge:

¶1          James M. (Father) appeals from the superior court's order denying his motion for change of physical custody to place his three children, B.M., J.M. and O.M., with Father's sister (Aunt). Father argues the court abused its discretion by not following statutory preferences and in denying the motion without a home study, even though one had been ordered. Because Father has shown no error, the order is affirmed.

### FACTS[2] AND PROCEDURAL HISTORY

¶2          B.M. was born in 2004, J.M. in 2006 and O.M. in 2008. The Department of Child Safety (DCS) took the children into custody and filed a dependency petition in March 2012, alleging Father neglected the children due to incarceration. After finding the children dependent as to Father and Mother (who is not a party to this appeal) in July 2012, the court adopted a family reunification case plan.

¶3          The court granted DCS' motion for the children to be placed with Aunt, and they began living with her in February 2013. By May 2013, Aunt could no longer care for the children due to their behavioral issues and asked DCS to remove them from her care. DCS did so and placed B.M. and O.M. together in one foster home, and J.M. in another foster home.

¶4          Nearly a year later, in early March 2014, the superior court adopted a concurrent case plan of severance and adoption. Later in March 2014, Aunt asked that the children again be placed with her. In early May 2014, the court ordered DCS to perform a home study of Aunt's home. In March 2015, Father filed a motion for change of physical custody, seeking to have the children placed with Aunt. Although Mother indicated she did

---

[2] This court views the evidence in a light most favorable to sustaining the superior court's findings. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207 ¶ 2 (App. 2008).

not object, DCS and the children's guardian ad litem (GAL) objected to such a placement.

¶5         At a May 2015 evidentiary hearing on Father's motion for change in physical custody -- held two years after Aunt told DCS she was no longer able to care for the children -- Aunt testified she had previously asked DCS to remove the children from her home to avoid Mother, not because she could not care for the children. Aunt added she loves the children, hoped to be their placement, could properly provide for their needs and that placement with her was in their best interests.

¶6         The DCS caseworker testified Aunt could not adequately care for the children even with Mother no longer having contact. After leaving Aunt's care, the children stabilized to the point they no longer needed counseling and other services. The caseworker did not believe it would be in the children's best interests to return to Aunt's home because Aunt had not made any changes that would enable her to properly care for the children, the children were happy and stable in their current potentially-adoptive placements and another change of placement would be harmful to the children.

¶7         Despite the court's May 2014 order to perform a home study of Aunt's home, the caseworker admitted DCS did not do so. The caseworker added that, if the children were placed with Aunt, the caseworker "would request a home study or [the caseworker herself] would go and take a look at the home to make sure." The court followed up to determine why DCS had not performed the home study as ordered. The caseworker's only response was that she "didn't intentionally do it this way." Notwithstanding this failure, Father did not object to the court ruling on his motion without the home study.

¶8         After receiving evidence and argument and taking the matter under advisement, the court denied Father's motion for change of physical custody, finding it was not in the children's best interests to be placed with Aunt. This court has jurisdiction over Father's timely appeal from that ruling pursuant to Arizona Revised Statutes (A.R.S.) sections 8-235, 12-120.21(A)(1) and 12-2101(A)(10) (2015)[3] and Arizona Rules of Procedure for the Juvenile Court 103-04.

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## DISCUSSION

**I. The Superior Court Did Not Err In Denying Father's Motion For Change In Physical Custody.**

**¶9** By statute, a dependent child is to be placed "in the least restrictive type of placement available, consistent with the needs of the child," and, as applicable here, the "order for placement preference" lists "kinship care with another member of the child's extended family, including a person who has a significant relationship with the child" above non-relative placement. A.R.S. § 8-514(B). In addition, reasonable efforts must be taken to place children with their siblings. A.R.S. § 8-513(D). Because the statute requires children be placed according to their needs, the court has broad discretion in placement. *See* A.R.S. § 8-514(B); *Antonio P. v. Arizona Dep't of Econ. Sec.*, 218 Ariz. 402, 404 ¶ 8 (App. 2008). This court reviews the superior court's placement decision for an abuse of discretion. *Antonio P.*, 218 Ariz. at 404 ¶ 8.

**A. Placement With Siblings In Kinship Care.**

**¶10** Father argues the superior court violated A.R.S. § 8-514(B) because the children are in two non-kinship placements. As Father recognizes, however, A.R.S. §§ 8-513 and -514 provide preferences, not mandates. *See Antonio P.*, 218 Ariz. at 405 ¶ 12. The superior court has "substantial discretion when placing dependent children because the court's primary consideration in dependency cases is the best interest of the child." *Id.* at 404 ¶ 8; *see also* A.R.S. § 8-514(B) (stating children shall be placed consistent with their needs). Here, there is sufficient evidence to support the denial of Father's motion for change in physical custody, leaving the children in two non-kinship placements.

**¶11** Aunt was unable to properly care for the children after they were placed with her in 2013. Testimony at the hearing supported the conclusion that Aunt had not made any changes that would enable her to successfully care for the children if granted custody again. The DCS caseworker testified all three children were doing well in their potential adoptive placements. The GAL confirmed that testimony, adding the children "seem healthier and happier" than they had been in a long time. The GAL and caseworker agreed it was not in the children's best interests to be removed from their current placements and placed with Aunt. On this record, the superior court did not abuse its discretion in finding it was not in the children's best interests to be placed with Aunt. *Antonio P.*, 218 Ariz.

at 406 ¶ 16 (holding juvenile court did not err in placing child with her aunt and uncle instead of grandparent).

### B.     Failure To Conduct A Home Study.

**¶12**         Father argues the superior court abused its discretion by denying his motion without the home study the court ordered in May 2014. Father, however, does not cite any statute or case law that prevents the court from denying his motion without a home study. Moreover, the court ruled on Father's motion for change in physical custody without a home study, even after Father brought the issue to the court's attention. Father did not object to the court deciding the motion without the home study. By not raising that objection with the superior court, Father cannot do so in this appeal. *See Azore, LLC v. Bassett*, 236 Ariz. 424, 426 ¶ 6 (App. 2014). In addition, by denying Father's motion, the court deemed the home study unnecessary. Father has not shown how that decision was an abuse of discretion. For these reasons, Father has not shown the superior court erred in denying his motion for change in physical custody without the court-ordered home study.[4]

### CONCLUSION

**¶13**         The superior court's order denying Father's motion for change in physical custody is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[4] Notwithstanding this conclusion, nothing in this decision should be interpreted as condoning a party not complying with a superior court's order, such as the orders here requiring DCS to perform a home study. In this case, three orders addressed the need for DCS to investigate Aunt as a potential placement. DCS did not object to any of the orders, yet the home study was never performed.